UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00185-GNS

YULEIDA DUNYA RONDON MALPICA                                      PETITIONER

v.

KRISTI NOEM, Secretary, U.S. Department
of Homeland Security;
SAMUEL OLSON, Field Office Director,
Chicago Field Office, Immigration and
Customs Enforcement; and
JASON WOOSLEY, Grayson County Jailer                              RESPONDENTS

**<u>ORDER</u>**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus

(DN 1).

Petitioner Yuleida Dunya Rondon Malpica ("Rondon Malpica") is a native of Venezuela

who has lived in the United States for two and a half years.  (Pet. ¶ 2, DN 1).  At the time she

entered the country in 2023, Rondon Malpica was released under a grant of parole, and she has

lived in Chicago, Illinois.  (Pet. ¶¶ 3-4).

On April 17, 2024, Rondon Malpica was notified that her application for Temporary

Protected Status ("TPS") had been granted.  (Resp'ts' Resp. Show Cause Order Ex. 2, at 2, DN

6-2).  Her parole expired on May 27, 2024.  (Pet. Ex. A, at 5, DN 1-1).

Then, on April 2, 2025, Rondon Malpica's TPS status ended.  (Resp'ts' Resp. Show

Cause Order Ex. 2, at 2).  On October 29, 2025, Rondon Malpica was detained without a warrant

when she reported for an Immigration and Customs Enforcement ("ICE") check-in.  (Pet. ¶¶ 6-

7).  On that same day, ICE issued a Warrant for Arrest of Alien and served it upon her.  (Resp'ts'

Resp. Show Cause Order Ex. 3, at 2, DN 6-3).  She is currently being detained at the Grayson County Detention Center.  (Pet. ¶ 11).

Rondon Malpica filed the Petition for Writ of Habeas Corpus against Respondents:  Kristi Noem, Secretary, U.S. Department of Homeland Security; Samuel Olson, Field Office Director, Chicago Field Office, ICE; and Jason Woosley, Grayson County Jailer.[1]  (Pet. ¶¶ 20-22).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Rondon Malpica bears the burden of proving by a preponderance of the evidence that her detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

This Court has previously rejected Respondents' arguments that Rondon Malpica is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Rondon Malpica already present within the United States.  *See Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *4-7 (W.D. Ky. Dec. 5, 2025); *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *5-13 (W.D. Ky. Nov. 27, 2025); *Singh*

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'"  *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sept. 4, 2018) (citing Ky. Const. § 99; KRS 71.020).  Therefore, as the jailer Woosley is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

*v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov. 20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *3-6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-00119-RGJ, 2025 WL 3046187, at *3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at *6-11 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at *3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at *4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at *3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at *3 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at *2-5 (W.D. Ky. Sept. 19, 2025).  After Rondon Malpica was paroled into the United States in 2024, she has lived in this country until her detention earlier in 2025. Therefore, because Section 1226(a) applies to Rondon Malpica, she is entitled to a determination by an immigration judge as to whether she may be released on bond pending the resolution of her removal proceeding.

In addition, this Court has repeatedly held that an alien being erroneously detained under Section 1225 when she is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Aranda*, 2025 WL 3499061, at *6-8; *Mateo*, 2025 WL 3499062, at *3-7; *Edahi*, No. 2025 WL 3466682, at *13-14; *Singh*, 2025 WL 3298080, at *5-6; *Navarrete*, No. 2025 WL

3298081, at *3; *Salinas*, 2025 WL 3243837, at *3; *Del Villar*, 2025 WL 3231630, at *6-7; *Lopez*, 2025 WL 3217036, at *4; *Alonso*, 2025 WL 3083920, at *8-9; *Guerra*, 2025 WL 3046187, at *4-6; *Martinez-Elvir*, 2025 WL 3006772, at *11-13; *Orellana*, 2025 WL 3006763, at *5-6; *Mejia*, 2025 WL 2933852, at *4-5; *Ballestros*, 2025 WL 2880831, at *4-5; *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh*, 2025 WL 2699219, at *3-5; *Barrera*, 2025 WL 2690565, at *5-7.    The unlawful detention of Rondon Malpica implicates her liberty interest to which due process applies, and precludes Rondon Malpica from challenging her detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge.  *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025).  As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'"  *Alonso*, 2025 WL 3083920, at *9 (alteration in original) (quoting *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *15 (E.D.N.Y. Oct. 6, 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release.  *See Patel*, 2025 WL 2823607, at *6; *Barrera*, No. 2025 WL 2690565, at *7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025).  "Habeas has traditionally been a means to secure release from unlawful detention . . . ."  *Dep't of Homeland Sec'y v. Thuraissigiam*, 591 U.S. 103, 107 (2020).  Consistent with these norms,

Rondon Malpica must be released and is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**.  The United States is directed to release Petitioner Yuleida Dunya Rondon Malpica from custody **IMMEDIATELY**.  During the pending immigration proceeding, a neutral immigration judge will determine whether Rondon Malpica will be detained pending the resolution of that proceeding.

**Greg N. Stivers, Judge**
**United States District Court**
January 7, 2026

cc:    counsel of record